UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | | |
|---|---|---|
| NORTH ALABAMA FABRICATING COMPANY, INC., | ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | Case No. 16-cv-2740-DDC-TJJ |
| BEDESCHI MID-WEST CONVEYOR COMPANY, LLC; DEARBORN MID-WEST CONVEYOR COMPANY; LARRY HARP; and BRAXTON JONES, | ) ) ) ) ) | |
| Defendants. | ) | |

## **MEMORANDUM AND ORDER**

This matter is before the Court on the Motion for Protective Order (ECF No. 55) filed by Defendant Bedeschi Mid-West Conveyor Company, LLC ("Bedeschi"). Defendant Bedeschi requests entry of a protective order under Fed. R. Civ. P. 26(c) prohibiting any inquiry of its Fed. R. Civ. P. 30(b)(6) witnesses regarding Bedeschi's financial ability to compensate Plaintiff for the amounts claimed in the Complaint.

On July 6, 2017, Plaintiff served its Amended Rule 30(b)(6) Notice upon Defendant Bedeschi requesting that Bedeschi produce one or more witnesses to appear for deposition on August 3, 2017 to testify concerning the matters described in twenty-two topics. Topic No. 14 seeks testimony regarding "Bedeschi's financial ability to compensate [Plaintiff] for the amounts claimed in the Complaint."[1] Bedeschi objects to producing any Rule 30(b)(6) witness to testify regarding this topic because it would, in effect, be a "judgment debtor's exam" and is therefore improper until such time as a judgement is actually obtained. Bedeschi also argues that Plaintiff

---

[1] Am. Notice of Dep., ECF No. 55-1.

must establish that its claim for punitive damages is not spurious before it can obtain discovery relating to Bedeschi's financial worth. Finally, Bedeschi asks the Court, if it decides to permit such inquiry, to stay any deposition testimony regarding Bedeschi's "financial ability to compensate" Plaintiff until after Bedeschi has the opportunity to challenge the viability of the punitive damage claim before the District Judge.

Plaintiff opposes the motion, arguing that Bedeschi ignores the fact that its financial ability to pay Plaintiff is relevant to Plaintiff's fraud claims as alleged in the Complaint. Second, in regard to Plaintiff's punitive damage claim, the pleadings and the Court's previous denial of Bedeschi's motion to dismiss establish that such claim is "not spurious" and so Bedeschi's argument that discovery of its financial condition should be delayed is without merit.

The Court finds Topic No. 14, Bedeschi's financial ability to compensate Plaintiff for the amounts claimed in the Complaint, seeks deposition testimony relevant to Plaintiff's two fraud claims. Specifically, the testimony would be relevant to Plaintiff's allegations that Bedeschi knowingly made false misrepresentations between September 2015 and July 2016 that it would pay Plaintiff all the increased costs and expenses arising from Bedeschi's accelerated shipment schedule.[2] Thus, Bedeschi's financial ability **at the time Bedeschi made the alleged misrepresentations** is relevant to Plaintiff's fraud claims and allegations. The Court therefore denies Bedeschi's request for a protective order prohibiting any inquiry of its Fed. R. Civ. P. 30(b)(6) witnesses regarding Topic No. 14 to the extent it relates to Bedeschi's financial ability or

---

[2] Compl. ¶¶23, 46–48, ECF No. 1.

condition at the time Bedeschi allegedly made the alleged misrepresentations serving as the basis for Plaintiff's fraud claims.

With regard to any inquiry regarding Bedeschi's financial condition for purposes of establishing Plaintiff's claim for punitive damages, generally information about a party's current net worth or financial condition is relevant to the issue of punitive damages.[3] "When a punitive damages claim has been asserted by the plaintiff, a majority of federal courts permit pretrial discovery of financial information of the defendant without requiring plaintiff to establish a *prima facie* case on the issue of punitive damages."[4] But a plaintiff seeking discovery of the defendant's financial condition in support of a claim for punitive damages must show the claim is not spurious.[5] To prove a claim is not spurious, a party must provide specific factual allegations to support its claim for punitive damages.[6]

---

[3] *Gust v. Wireless Vision, L.L.C.*, No. 15-2646-KHV, 2015 WL 9462078, at *5 (D. Kan. Dec. 24, 2015) (citing *Mid Continent Cabinetry, Inc. v. George Koch Sons, Inc.*, 130 F.R.D. 149, 152 (D. Kan. 1990)). *See also Aerotech Res., Inc. v. Dodson Aviation, Inc.*, No. 00-2099-CM, 2001 WL 395397, at *2 (D. Kan. Apr. 11, 2001) ("[I]f a plaintiff has alleged sufficient facts to claim punitive damages against a defendant, information of the defendant's net worth or financial condition is relevant because it can be considered in determining punitive damages.").

[4] *Mid Continent Cabinetry*, 130 F.R.D. at 151.

[5] *See id.* at 152 (plaintiff must show that his claim for punitive damages was not spurious in order to be entitled to discovery of the defendant's financial condition). *See also Heartland Surgical Specialty Hosp., LLC v. Midwest Div., Inc.*, No. 05-2164-MLB-DWB, 2007 WL 950282, at *13 (D. Kan. Mar. 26, 2007) ("[T]he Court need only find that the claims for punitive damages are not spurious for discovery [of the defendants' financial information] to proceed.").

[6] *Gust*, 2015 WL 9462078, at *5; *See also McCloud v. Bd. of Geary Cty. Comm'rs*, No. 06-1002-MLB-DWB, 2008 WL 1743444, at *4 (D. Kan. Apr. 11, 2008) (finding plaintiffs provided sufficient factual background to establish that their claim for punitive damages was not spurious); *Heartland*, 2007 WL 950282, at *13 (finding plaintiff made allegations sufficient to support its punitive damages claims).

In this case, Defendants have already filed a motion to dismiss for failure to state a claim with respect to Plaintiff's fraud and fraudulent suppression claims. District Judge Crabtree denied that motion to dismiss on May 8, 2017.[7] Plaintiff is seeking punitive damages based upon these fraud claims.[8] Under Kansas law, a plaintiff making a claim for punitive damages has the "burden of proving, by clear and convincing evidence in the initial phase of the trial, that the defendant acted toward the plaintiff with willful conduct, wanton conduct, fraud or malice."[9]

Plaintiff alleges in the Complaint that Bedeschi, its president and CEO Larry Harp, and project manager Braxton Jones knowingly and willfully made misrepresentations to Plaintiff about material facts.[10] Plaintiff further alleges Bedeschi, Harp, and Jones knew their misrepresentations were false, did not intend to perform the acts they promised, and made the misrepresentations of material fact willfully to deceive Plaintiff.[11] Plaintiff further alleges these acts and omissions were "willful, wanton, malicious, oppressive, reckless and/or were undertaken with the intent to defraud."[12]

The Court finds Plaintiff has shown its punitive damages claim is not spurious. However, the Court finds that any inquiry into Bedeschi's current financial ability or condition as it relates to

---

[7] May 8, 2017 Mem. & Order, ECF No. 31.

[8] Compl. at 13.

[9] K.S.A. 60-3701(c).

[10] Compl. ¶¶46–47.

[11] Compl. ¶¶48–49.

[12] Compl. ¶¶50, 60.

Plaintiff's claim for punitive damages is premature at this time. The Court therefore grants Bedeschi's request to stay any such deposition testimony until after Bedeschi has the opportunity to challenge the viability of the punitive damage claim on a motion for summary judgment.[13]

**IT IS THEREFORE ORDERED** that Defendant Bedeschi's Motion for Protective Order (ECF No. 55) is granted in part and denied in part. The motion is DENIED to the extent it seeks to prohibit any inquiry of Bedeschi's Fed. R. Civ. P. 30(b)(6) witnesses regarding Bedeschi's financial ability <u>at the time</u> Bedeschi made the alleged misrepresentations serving as the basis for Plaintiff's fraud claims. The motion is GRANTED to the extent it seeks to stay any inquiry of Bedeschi's Rule 30(b)(6) witnesses regarding Bedeschi's <u>current</u> financial ability or condition.

**IT IS FURTHER ORDERED** each party bear its own expenses related to the filing of the motion.

IT IS SO ORDERED.

Dated August 1, 2017, at Kansas City, Kansas.

*Teresa J. James*
Teresa J. James
U. S. Magistrate Judge

---

[13] *See Heartland,* 2007 WL 950282, at *14 (staying production of discovery regarding the current information of the plaintiffs' net worth or financial condition relevant to the issue of punitive damages until after a ruling on any dispositive motion directed to the claim for punitive damages).