# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| NORTH ALABAMA FABRICATING COMPANY, INC., | ) ) ) |
| Plaintiff, | ) ) ) |
| v. | ) Case No. 16-cv-2740-DDC-TJJ ) |
| BEDESCHI MID-WEST CONVEYOR COMPANY, LLC; DEARBORN MID-WEST CONVEYOR COMPANY; LARRY HARP; and BRAXTON JONES, | ) ) ) ) ) |
| Defendants. | ) |

## MEMORANDUM AND ORDER

This matter is before the Court on Defendants' Objection to, and Motion to Quash Subpoena Duces Tecum as Served Upon Essar Products (USA) LLC (ECF No. 70). Defendants request an order pursuant to Fed. R. Civ. P. 45 quashing the subpoena served by Plaintiff upon non-party Essar Products (USA) LLC ("Essar").

As a preliminary matter, the Court finds Defendants have standing to move to quash or object to the Essar subpoena. Generally, only the party or person to whom the subpoena is directed has standing to move to quash or otherwise object to a subpoena.[1] "A motion to quash or modify a subpoena duces tecum may only be made by the party to whom the subpoena is directed except where the party seeking to challenge the subpoena has a personal right or privilege with respect to the subject matter requested in the subpoena."[2] Because the information requested from non-party Essar includes contracts, invoices, correspondence and other documents between Essar and

---

[1] *Transcor, Inc. v. Furney Charters, Inc.*, 212 F.R.D. 588, 590 (D. Kan. 2003).

[2] *Id.*

Defendant Bedeschi, the Court finds that Defendants have a personal right with respect to the documents and ESI requested in the Essar subpoena. This right gives them standing to object to the issuance of the subpoena.

The Court next considers whether it has authority to rule on the motion. Federal Rule of Civil Procedure 45(d)(3)(A), which was amended effective December 1, 2013, provides:

> On timely motion, the court for the district *where compliance is required* must quash or modify a subpoena that:
> (i) fails to allow a reasonable time to comply;
> (ii) requires a person to comply beyond the geographical limits specified in Rule 45(c);
> (iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
> (iv) subjects a person to undue burden.[3]

Rule 45(f) sets out the circumstances for transfer of a subpoena-related motion from the district where compliance is required to the district that issued the subpoena.

The basis for Defendants' motion to quash the Essar subpoena is that Plaintiff served the subpoena three days before the September 22, 2017 discovery deadline and therefore the October 3, 2017 compliance date will be after the discovery period has closed. The Court construes Defendants to be arguing the Essar subpoena fails to allow a reasonable time for compliance. As this is one of the grounds for quashing or modifying a subpoena under Rule 45(d)(3)(A)(i), it requires action by the court for the district where compliance with the subpoena is required.

The subpoena that Defendants seek to quash was issued from the District of Kansas but commands Essar, a company with a Minnesota addresses, to produce ten requested categories of

---

[3] Emphasis added. Rule 45 was amended effective December 1, 2013. Prior to the 2013 amendment, this Rule required the court *issuing* the subpoena to quash or modify the subpoena. *See* pre-2013-amendment Fed. R. Civ. P. 45(c)(3)(A) (2012).

documents and electronically stored information ("ESI") for inspection in Duluth, Minnesota.[4] Because the subpoena requires Essar produce the requested documents and ESI in Minnesota, the subpoena thus requires compliance in Minnesota and not Kansas.

Absent any indication the motion to quash the Essar subpoena was transferred to this Court pursuant to Rule 45(f) from the district where compliance is required, this Court is without authority to rule on the motion to quash the subpoena and, therefore, will not rule on the substantive arguments asserted by Defendants relating to the motion.[5]

**IT IS THEREFORE ORDERED** that Defendants' Defendants' Objection to, and Motion to Quash Subpoena Duces Tecum as Served Upon Essar (ECF No. 70) is denied without prejudice.

Dated this 26th day of September 2017, at Kansas City, Kansas.

Teresa J. James
U. S. Magistrate Judge

---

[4] *See* Subpoena, ECF No. 70-1.

[5] *Tomelleri v. Zazzle, Inc.*, No. 13-cv-2576-EFM-TJJ, 2015 WL 400904, at *2 (D. Kan. Jan. 28, 2015).