UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| NORTH ALABAMA FABRICATING COMPANY, INC., )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>BEDESCHI MID-WEST CONVEYOR COMPANY, LLC; DEARBORN MID-WEST CONVEYOR COMPANY; LARRY HARP; and BRAXTON JONES, )<br>)<br>Defendants. ) | Case No. 16-cv-2740-DDC-TJJ |

## ORDER CLARIFYING JANUARY 3, 2018 MEMORANDUM AND ORDER

On January 3, 2018, the Court entered its Memorandum and Order (ECF No. 104) granting in part and denying in part Plaintiff's Motion for Sanctions ("Order). That Order sanctioned Defendant Bedeschi for its failure to produce properly prepared Rule 30(b)(6) witnesses for deposition. Specifically, Defendant Bedeschi was ordered to produce an additional corporate representative, or produce Defendant Jones for a second deposition, within thirty days, with such corporate representative being fully prepared, as required by Rule 30(b)(6), to testify regarding Topics 8, 9, 11, 12, and 13 set forth in Plaintiff's Notice, including the alleged "delays and defects in the products shipped by Plaintiff," the nonconformance reports, and the Inspection Report subsequently produced on August 23, 2017. The Court also ordered Bedeschi to pay "Plaintiff's reasonable costs and expenses incurred in conducting this deposition, and the cost of the transcript from the deposition." The parties have since requested that the Court clarify its Order with respect to whether "costs and expenses" in this context includes Plaintiff's attorney's fees.

The sanctions imposed against Defendant Bedeschi in this case were ordered pursuant to

Federal Rule of Civil Procedure 37(d)(3), which requires the Court to sanction a party by requiring the party failing to act to pay the "reasonable expenses, including attorney's fees, caused by the failure." Rule 37(d)(3) leaves it to the Court to determine what constitutes "reasonable expenses, including attorney's fees." In this case, the Court clarifies that "reasonable costs and expenses" in its January 3, 2018 Order shall include the reasonable, actual expenses incurred by Plaintiff's counsel (for one attorney) traveling to and from the additional deposition allowed by the Order. It shall also include the attorney's fees incurred for Plaintiff's counsel to attend and take the deposition, but shall not include any time spent preparing for the deposition. Finally, attorney's fees for time Plaintiff's counsel reasonably spends traveling to and from the deposition shall be included, but shall be limited to a maximum of $150 per hour.

**IT IS THEREFORE ORDERED** that the parties' request for clarification of the Court's January 3, 2018 Memorandum and Order (ECF No. 104) is granted.

Dated this 8th day of January 2018, at Kansas City, Kansas.

Teresa J. James
U. S. Magistrate Judge